1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MAXINE SURBER,

                  Plaintiff,

      v.

SHANGHAI ZHENHUA HEAVY
INDUSTRIES CO., LTD.,

                 Defendant.

CASE NO. C14-5279 RBL

ORDER GRANTING PLAINTIFF'S
MOTION TO STRIKE

## I.    INTRODUCTION

THIS MATTER is before the Court on Plaintiff's Motion to Strike Defendant Shanghai Zhenhua Heavy Industries Co.'s third-party claims against Hemlock and Evergreen.  [Dkt. #21].

Jeffrey Surber was crushed and killed while maintaining a Shanghai ship-to-shore container crane's "trolley cable" in 2013.  Jeffrey's wife, Maxine, is his estate's personal representative.  She sued Shanghai for wrongful death and violations of the Washington Product Liability Act (WPLA) (RCW 7.72), claiming that the crane was unreasonably unsafe in design and construction.

Shanghai's Answer asserts third-party claims against Hemlock Equipment (which owns the crane), and Evergreen Marine (which leases the crane from Hemlock and operates it at the

Pierce County Terminal, where the accident occurred).  Shanghai seeks equitable indemnity from both companies, claiming that they failed to instruct Surber how to safely inspect the trolley cable without placing himself in the way of pinching and crushing hazards, and generally failed to maintain a safe workplace.

Surber asks the Court to strike Shanghai's third-party equitable indemnity claims (or, at least, to sever them) from her claim against Shanghai.  She argues primarily that Shanghai's claims against Hemlock and Evergreen are not permitted under Rule 14 because they are not derived from or dependent on Surber's WPLA claims against Shanghai.  She argues that Shanghai's "them, not me" claims are not claims that Hemlock and Evergreen may be liable to Shanghai, but are instead claims that they may be liable to Surber.

Shanghai argues that its claims against Hemlock and Evergreen *are* derivative of Suber's claims against Shanghai; it's third-party complaint expressly claims that, if it is liable to Surber, Hemlock and Evergreen are liable to it.

## II.    BACKGROUND

Jeffrey Surber was part of a three person crew (one crane operator and two inspectors) inspecting and maintaining the Shanghai ship-to-shore crane trolley cable at the Pierce County Terminal in Tacoma, Washington.  Surber put himself in the way of a crushing hazard and he was killed.  His Estate sued (only) Shanghai for wrongful death and violations of the WPLA.

Shanghai seeks to implead Hemlock Equipment and Evergreen Marine as third-party defendants.  It claims that Hemlock and Evergreen are at least partially responsible for Surber's damages, and that they are equitably obligated to at least partially indemnify Shanghai for any sums it pays Surber.  It claims that Hemlock and Evergreen failed to instruct Surber how to inspect the trolley cable without placing himself in the way of the pinching and crushing hazards,

and that that failure caused Surber's death.  Shanghai also claims generally that Surber's death was caused by Hemlock and Evergreen's failure to maintain a safe workplace—a claim that Surber does not and could not allege against it as a manufacturer.

Surber asks the Court to strike Shanghai's third-party complaint, arguing primarily that its third-party claims are not derivative of Surber's WPLA claims.  Instead, Shanghai's third-party "them, not me" claims allege that Hemlock and Evergreen (and not Shanghai) caused Surber's death by failing to instruct him or failing to maintain a safe workplace.  Surber argues that Shanghai may not implead third-party defendants merely because they might be liable to *Surber*; instead, they are permitted to assert only a claim that Hemlock and Evergreen are liable to *Shanghai*, which they have not done.

Surber also argues that Shanghai's "equitable indemnity" claims fail because Shanghai faces only proportionate, not joint and several, liability.  Thus, Shanghai faces no risk of paying damages for which someone else is liable.  Surber further argues that Shanghai's "equitable" indemnity claims are not properly in this case, because it has not pled any facts or theory that would plausibly lead to the conclusion that Hemlock or Evergreen have a contract or tort-based obligation to indemnify Shanghai if it is determined to be liable to Surber.

Shanghai argues that its third-party claims against Hemlock and Evergreen are derivative of Suber's WPLA claims mostly because Shanghai expressly claims that they are.  Shanghai does not identify an affirmative claim against Hemlock or Evergreen, but does suggest that it faces at least the possibility of joint and several liability.  Shanghai apparently argues that Hemlock and Evergreen should be in the case so that it can seek contribution from them if it is required to pay more than its proportionate share of damages.  Finally, Shanghai claims that it

may in fact have a contract-based indemnity claim against Hemlock or Evergreen, and that it is too early to determine that they do not.

### III.   DISCUSSION

A defendant can join a third party who may be liable to it for all or part of the plaintiff's claim against the defendant:

> A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it.

Fed. R. Civ. P. 14(a)(1). Rule 14 promotes judicial efficiency by eliminating the need for a defendant to bring a separate action against parties secondarily or "derivatively" liable to it for all or part of the plaintiff's original claim. *Southwest Administrators, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986) (cert. denied 479 U.S. 1065 (1987)) (citing 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1442, at 202-03 (1971)).   The trial court has discretion whether to allow a defendant to implead a third-party. *U.S. v. One 1977 Mercedes Benz, 450 SEL, VIN 11603302064538*, 708 F.2d 444, 452 (9th Cir. 1983) (cert. denied, 464 U.S. 1071, 104 S. Ct. 981 (1984)). However, any party may move to strike the third-party claim, sever it, or try it separately. Fed. R. Civ. P. 14(a)(4).

A third-party defendant may not be impleaded merely because it may be liable to the plaintiff. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 368 n. 3, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). A third-party claim "must be derivatively based on the original plaintiff's claim." *One 1977 Mercedes Benz*, 708 F.2d at 452. It is not enough if the third-party claim is related to the original claim. *Id*. A third-party defendant's liability to the third-party plaintiff must be dependent on the outcome of the main claim and be secondary or derivative. *Id*. Impleader is not allowed just because a third-party claim arises from the same set of facts.

*American Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir. 2008).  The essential criterion of a third-party claim is the defendant attempting to transfer liability asserted against him to a third-party defendant.  *Id*.

Rule 14 requires a substantive basis for the third-party defendant's liability to the original defendant.  *Kim v. Fujikawa*, 871 F.2d 1427, 1434 (9th Cir. 1989).  In order to assert a proper third-party claim, Shanghai must therefore show that it has a right to relief from Hemlock or Evergreen under Washington law.  In an attempt to do so, Shanghai alleges "equitable indemnity" claims against Hemlock and Evergreen.

Where there is a legal duty between non-joint tortfeasors, an indemnity right still exists at common law.  *Sabey v. Howard Johnson & Co.*, 101 Wash.App. 575, 592, 5 P.3d 730 (2000). "Indemnity sounds either in contract or in tort."  *Id.* at 588 (citing *Central Wash. Refrigeration, Inc. v. Barbee,* 133 Wash.2d 509, 513, 946 P.2d 760 (1997)).  Contractual indemnity and indemnity between non-joint tortfeasors both survived the adoption of RCW 4.22.040.  *Toste v. Durham & Bates Agencies, Inc.*, 116 Wash.App. 516, 520, 67 P.3d 506 (2003) (citing *Central Wash. Refrigeration, Inc.,* 133 Wash.2d 509; *Sabey*, 101 Wash.App. at 590-91).

A.      **Shanghai's third-party claims are not derivative of Surber's WPLA claims.**

Surber argues that Shanghai's equitable indemnity claims against Hemlock and Evergreen are not claims that they are liable to *Shanghai*, but instead that they might be liable to *Surber*.  Surber argues that such a claim is not derivative of her WPLA claim, and is therefore not the proper subject of a third-party complaint under Rule 14.  She argues that Shanghai's third-party claims are impermissible "them, not me" claims, alleging that Surber was killed because of Hemlock and Evergreen's failures, and not because of Shanghai's defective product. It does not allege that the third parties are liable to *Shanghai*; it claims that they could be liable to *Surber*.

Shanghai argues that its third-party claims against Hemlock and Evergreen are "expressly alleged to be derivative of Plaintiff's claims" and thus satisfy Rule 14. Shanghai does not address Surber's argument that its third-party claims are "them, not me" claims, and does not articulate any basis for a claim that Hemlock or Evergreen are liable to it, if it is liable to Surber.

Shanghai's third-party claims are not derivative of Surber's WPLA claims. Shanghai's bare assertion does not plausibly claim that Hemlock and Evergreen's alleged failure to instruct Surber gives rise to a claim by Shanghai for some relief from them. Instead, the third-party claims suggest that Hemlock and Evergreen are liable to Surber, not that they are liable to Shanghai. Shanghai may not implead Hemlock and Evergreen merely because they may be liable to Surber. *See Owen Equipment & Erection Co.*, 437 U.S. at 368 n. 3 ("Under Rule 14(a), a third-party defendant may not be impleaded merely because he may be liable to the *plaintiff*.") (emphasis in original)). Shanghai's third-party claims are, at best, *related to* Surber's original claim, but they are not derivative from that claim merely because Shanghai says they are. *See One 1977 Mercedes Benz*, 708 F.2d at 452 ("It is not sufficient that the third-party claim is a related claim; the claim must be derivatively based on the original plaintiff's claim."). Despite Shanghai's conclusory claim to the contrary, its third-party claims against Hemlock and Evergreen are not derivative of Surber's original claim against it.

Because its third-party claims are not derivative, Shanghai has not shown that a legal duty to indemnify exists between itself and Hemlock or Evergreen sufficient to establish a right to relief under Washington law. *See Sabey*, 101 Wash.App. at 592 ("Where a legal duty exists between non-joint tortfeasors, an indemnity right exists at common law."); *Kim*, 871 F.2d at 1434 (Rule 14 requires a substantive basis for the third-party defendant's liability to the original defendant). Shanghai's third-party claims suggest Hemlock and Evergreen are liable to Surber,

not to it.  They do not plausibly claim that Hemlock or Evergreen owe *Shanghai* any tort-based

duty to indemnify.  Shanghai has also not shown that Hemlock or Evergreen owe it a contract-

based duty to indemnify. [1]  Shanghai's third-party claims are not derivative of Surber's original

claim against it, and as such do not show that a legal duty to indemnify exists between Shanghai

and Hemlock or Evergreen sufficient establish a right to relief under Washington law.

       **B.**      **Shanghai faces only proportionate, not joint and several, liability.**

       Shanghai claims that Hemlock and Evergreen are at least partially responsible for

Surber's death, and that they are therefore obligated to at least partially reimburse Shanghai for

any sums it pays Surber.  Shanghai is apparently concerned that it will have to pay damages to

Surber for which someone else (Hemlock or Evergreen) is actually liable; that they will be held

jointly and severally liable and will pay more than their proportionate share of the damages.

       Surber argues that because she sued only Shanghai, Shanghai faces no risk of paying

damages for which someone else is actually liable.  This is true because, as the case is currently

configured, Shanghai faces only proportionate liability under Washington law.

       Proportionate liability is the general rule under Washington law.  *Washburn v. Beatt*

*Equipment Co.*, 120 Wash.2d 246, 294, 840 P.2d 860 (1992).  Under proportionate liability, a

party is liable only for its proportionate share of the damages.  *Id.*  Joint and several liability is

an exception and applies only in two circumstances: (1) when a party was acting in-concert with

another, or was acting as an agent of the party, or (2) when a judgment has been entered against

---

[1] Shanghai's response claims for the first time that it "believes" Hemlock's purchase contract contained an indemnity clause, and that Evergreen "may have" also had a contract with Shanghai, but that discovery has not occurred to locate these potential contracts.  This potential contractual-based duty claim was not pleaded in Shanghai's third-party complaint, nor does it meet the Rule 14 requirement that Shanghai allege claims that Hemlock and Evergreen are liable to it, not to Surber.  Further, Shanghai does not need discovery to find contracts between itself and Hemlock or Evergreen.  If Shanghai finds such contracts, the Court can revisit this issue, but Shanghai's bare assertion that there may be a contractual relationship, without more, is not enough to show Shanghai's right to relief under Washington law.

*two or more defendants* and the plaintiff is fault-free.  RCW 4.22.070(1)(a) and (b) (emphasis added).

Unless Hemlock and Evergreen remain in the case, there is no chance that "judgment will be entered against two or more defendants"—even if Surber is fault free.  The chances of joint and several liability actually increase if the third-party claims remain.

And no one has suggested, much less alleged, that Shanghai, Hemlock, and Evergreen acted in concert, or that Hemlock or Evergreen were acting as Shanghai's agent in some manner. Because Shanghai faces only proportionate liability, it will at most pay for its own share of any damages, and its third-party "equitable indemnity" claims for theoretically having to pay damages on behalf of Hemlock or Evergreen are not a sufficient basis for a Rule 14 third-party claim as a matter of law.

### C.    Shanghai is not unfairly prejudiced if its claims against Hemlock and Evergreen are stricken.

Shanghai is not unfairly prejudiced if its third-party complaint is dismissed.  It may still sue Hemlock or Evergreen in a separate action for a non-contribution claim.  It is true that costs to Shanghai may be higher if it chooses to sue Hemlock and Evergreen in a separate, later action. However, allowing impleader of Hemlock and Evergreen in this case would force Surber to bear the increased time and expense of adding two additional parties to the litigation, against whom Surber does not even have claims.  A plaintiff gets to choose who they sue, and Surber chose to sue only Shanghai.  The risk of prejudicing Shanghai by denying impleader does not outweigh the prejudice to Surber of forcing her to make her case against Shanghai with two extra parties involved.

Shanghai's inability to bring third-party claims here does not prevent it from asserting claims against Hemlock and Evergreen in a separate action.  Shanghai can lay the blame for

Surber's death on the empty chair.  Shanghai may also argue that Hemlock and Evergreen's actions were intervening, superseding causes of Surber's injuries.

Surber's Motion to Strike Shanghai's Third-Party Complaint is GRANTED, and Shanghai's third-party complaint is DISMISSED.

IT IS SO ORDERED.

Dated this 13th day of February, 2015.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE